**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RUSSELL RICE,

                Plaintiff,

vs.                                              Case No. 3:12-cv-1253-J-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.
_____/

## OPINION AND ORDER[1]

### I. Status

Russell Rice ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). His alleged inability to work is solely based upon the following mental disorders or illnesses: "Bipolar, manic depressive, [and] paranoid schizophrenia[.]" Transcript of Administrative Proceedings (Doc. No. 13; "Tr."), filed April 10, 2013, at 197. On June 23, 2009, Plaintiff filed applications for DIB and SSI, alleging an onset disability date of February 16, 1994. Tr. at 170-75. Plaintiff's claims were denied initially, Tr. at 71-72, 85-92, and were denied upon reconsideration, Tr. at 73-74, 101-07. On March 17, 2011, a hearing was held before an Administrative Law Judge ("ALJ"), during which Plaintiff and a vocational expert ("VE") testified. Tr. at 27-70. Plaintiff was represented by

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 16), filed April 17, 2013; Reference Order (Doc. No. 17), entered April 18, 2013.

an attorney at his hearing. Tr. at 27. At the time of the hearing, Plaintiff was forty-seven (47) years old. Tr. at 37.

The ALJ issued an unfavorable Decision on April 13, 2011, finding Plaintiff not disabled through the date of the Decision. Tr. at 10-21. On October 15, 2012, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. Plaintiff then commenced this action on November 15, 2012 under 42 U.S.C. § 405(g) and § 1383(c)(3) by filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises one issue on appeal: whether the ALJ "erred by failing to properly assess [] Plaintiff's mental health impairments[.]" Plaintiff's Memorandum in Support of Complaint (Doc. No. 19; "Pl.'s Mem."), filed June 7, 2013, at 6 (emphasis and capitalization omitted).[2] On August 5, 2013, Defendant filed a memorandum addressing the issue raised by Plaintiff. See Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem."). After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.

---

[2] Plaintiff concedes that the denial of the DIB application was proper, given that he was last insured for DIB on March 31, 1998 and all of the medical evidence in the file is dated 2001 or later (after the date last insured). Pl.'s Mem. at 1, 2. Plaintiff also concedes he is not eligible for any benefits during the periods of his incarceration, i.e., from March 2, 1994 through December 31, 1997, and from December 14, 2004 through March or May 2009. Id.; see Tr. at 39 (Plaintiff testifying he was released from prison in May 2009).

## **II.  The ALJ's Decision**

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 12-20.  At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since February 16, 1994, the alleged onset date."  Tr. at 12 (emphasis and citation omitted).  At step two, the ALJ found that Plaintiff suffers from "the following severe impairments: bipolar disorder, NOS; and history of polysubstance abuse (cocaine/alcohol), in reported remission."  Tr. at 12 (emphasis and citation omitted).  At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. at 13 (emphasis

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

and citation omitted).  The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform a full range of light work at all exertional levels but with the following non-exertional limitations: [Plaintiff] is capable of performing simple, routine, repetitive tasks; and concentrat[ing] and persist[ing] for 2-hour segments.  He is limited to work that requires only occasional interaction with crowds, public, and co-workers; and he is unable to meet fa[st] paced, high production demands.

Tr. at 13 (emphasis omitted).

At step four, the ALJ found Plaintiff "is unable to perform any past relevant work" as "a television technician," "a rental clerk," "a relief manager," and "a surveyor[.]" Tr. at 19 (emphasis omitted from first quotation, citations omitted from all quotations).  At step five, after considering Plaintiff's age (30 on alleged disability date, 47 during the hearing), education ("at least a high school education"), work experience, and RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform, Tr. at 19 (emphasis and citation omitted), such as "a landscape worker," "a cleaner II," and "a cleaner, vehicles," Tr. at 20.  The ALJ concluded that Plaintiff "has not been under a disability . . . from February 16, 1994, through the date of th[e D]ecision." Tr. at 20 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere

scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

In arguing that the ALJ failed to adequately account for the effects of his mental disorders on his ability to perform work, Plaintiff mainly focuses on two findings the ALJ made in the written RFC and posed in the hypothetical to the VE: (1) Plaintiff is able to concentrate and persist for two hours at a time; and (2) Plaintiff should have only occasional limited contact with crowds, the public, and coworkers.  Pl.'s Mem. at 7-9.

In formulating an RFC and posing a hypothetical to a VE, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"  SSR 96-8P, 1996 WL 374184, at *5; see also 20 C.F.R. § 404.1545(a)(2);

Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)); Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985) (stating that "[w]here a claimant has alleged a multitude of impairments, a claim . . . may lie even though none of the impairments, considered individually, is disabling") (internal quotation and citations omitted). "In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)).

Plaintiff questions how the ALJ selected the two-hour-at-a-time concentration and persistence limitation. Pl.'s Mem. at 7. In questioning the ALJ's finding, Plaintiff refers to a report authored by Ciceron V. Lazo, M.D., an examining physician. Id. at 7-8. In the report dated March 2, 2010 and signed March 23, 2010, Tr. at 404-06, Dr. Lazo documented Plaintiff's self-report that "he is unable to watch a TV show or read an article at present," Tr. at 404. Plaintiff also reported that "[h]e has no focus or attention span" and "spends most of his time sitting outside and smoking." Tr. at 404. In now attempting to undermine the ALJ's two-hour concentration and persistence finding, Plaintiff attributes to Dr. Lazo his self-report, stating "[a]ccording to Dr. Lazo[,] he cannot follow a television program." Pl.'s Mem. at 8. Dr. Lazo, however, did not actually make findings regarding Plaintiff's ability – or lack of ability – to concentrate. Tr. at 404-06. In fact, it appears Dr. Lazo's main focus was on Plaintiff's physical health except for ultimately diagnosing "Bipolar disorder with psychosis under fair control" and "History of polysubstance abuse in partial

remission." Tr. at 404-06.  Plaintiff's self-report to Dr. Lazo regarding his inability to concentrate does not render erroneous the ALJ's two-hour concentration and persistence finding.

Support for the ALJ's two-hour concentration and persistence finding can be found in a report authored after a March 9, 2010 evaluation by examining psychologist Peter Knox, M.Ed., Psy.D. (who, as a psychologist, would tend to be more concerned with Plaintiff's mental disorders and the effects of them). See Tr. at 410-14.  In the mental status finding labeled "concentration," Dr. Knox noted:

> Mr. Rice could count backwards from twenty to one with no errors. He could say the ABC's easily.  He could count by three's from one to thirty-seven with no major problems.

Tr. at 412 (emphasis and capitalization omitted from first quotation).  Also, in making "functional ability" findings, Dr. Knox stated that there were "[n]o significant issues" in the area of "concentration and persistence." Tr. at 413 (capitalization and emphasis omitted in first and third quotations).[4]

As to Plaintiff's claimed difficulty dealing with people and crowds, Plaintiff seems to recognize that the ALJ appropriately accounted for this by limiting Plaintiff to "occasional interaction with crowds public, and co-workers," Tr. at 13; see Pl.'s Mem. at 8.  The ALJ also assigned other limitations in the RFC that reflect careful consideration of Plaintiff's mental disorders and their overall effects.  Tr. at 13; see Swindle, 914 F.2d at 226.

---

[4] Plaintiff recognizes these findings and does not specifically challenge the ALJ's reliance on them.  Pl.'s Mem. at 8-9.

In sum, the undersigned finds no error in the ALJ's assigned RFC and hypothetical posed to the VE.

### V.  Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence.  Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to § 1383(c)(3) **AFFIRMING** the Commissioner's final decision.

2. The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on March 6, 2014.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record